# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MCENDREE,<br><br>                Plaintiff,<br><br>   v.<br><br>HELEN LOZANO,<br><br>                Defendant. | Case No. 18-cv-2772-BAS-NLS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 2]** |

Before the Court is Plaintiff Sarah McEndree's motion to appoint counsel on her behalf. (ECF No. 2.) The sole basis of Plaintiff's motion is that she is unable to pay the cost of an attorney. She states that she is "disabled and on welfare," and "can produce doctor's disability determination paperwork and EBT card upon demand." (*Id.* at 3.) For the reasons below, the Court denies Plaintiff's request.

## LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even where the plaintiff is proceeding *pro se* or *in forma pauperis*, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). However, "the court may request an attorney to represent any

person unable to afford counsel." 28 U.S.C. §1915(e)(1). In the Ninth Circuit, "the decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted). A finding that exceptional circumstances exist entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## DISCUSSION

Plaintiff makes no attempt to argue that exceptional circumstances exist such that this Court should request an attorney represent her. Rather, the sole basis Plaintiff advances is that she cannot afford counsel. Under Ninth Circuit precedent, the inability to afford counsel by itself is not a sufficient basis for a court order requesting counsel for a pro se plaintiff. *See Agyeman*, 390 F.3d at 1103. This is true even when a plaintiff is proceeding *in forma pauperis* and thus, by definition, has shown an inability to afford the cost to initiate proceedings in federal court. *See United States v. Madden*, 352 F.2d 792, 793–94 (9th Cir. 1965). It would be inappropriate for this Court to hold Plaintiff—who is not proceeding *in forma pauperis*—to a lesser standard than a plaintiff who is proceeding as such.

Plaintiff otherwise fails to show that exceptional circumstances exist in this case to warrant an order requesting appointment of counsel. Plaintiff has not provided any evidence that she has a likelihood of success on the merits. A plaintiff that provides no evidence of her likelihood of success fails to satisfy the first factor of the *Wilborn* test. *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *see also Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other

than his own assertions to support his claims). Even at this nascent stage of the litigation, the Court has doubts whether Plaintiff will succeed on the merits given the incoherent and disparate nature of her allegations.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for appointment of counsel. (ECF No. 2.)

**IT IS SO ORDERED.**

**DATED: December 11, 2018**

Hon. Cynthia Bashant
United States District Judge